UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 14-13024-JCD |
| MICHAEL THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

DEIN, U.S.M.J.

Pro se plaintiff John Evans, currently incarcerated at MCI - Norfolk, has brought this action under 42 U.S.C. §1983.  For the reasons set forth below, the undersigned denies Evans' motion to voluntarily withdraw his complaint and refile and allows Evans' motions (1) to have United States Marshal re-serve defendants with the Amended Complaint, and (2) to first rule on Evans' motion for re-service before considering defendants' motion to dismiss.  Within 21 days of the date of this Memorandum and Order, defense counsel shall submit to the court, ex parte and under seal, the forwarding addresses for defendants Thompson and Villare, or alternatively, counsel for Thompson and Villare may (with their clients' permission) agree to accept service on their clients' behalf.  The defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (#35) is denied without prejudice.  If appropriate, it may be refiled in response to the Amended Complaint.

BACKGROUND

John Evans initiated this action on July 16, 2014, by filing a complaint against the defendants.[1]  Because this action was filed without a copy of his prison account statement, Evans' initial Motion For Leave To Proceed *In Forma Pauperis* was denied without prejudice. See Docket No. 6.  The court granted his subsequent Motion For Leave To Proceed *In Forma Pauperis* and the Clerk issued summonses as to all the defendants.  See Docket Nos. 16, 18.

Approximately one week after the summons were issued, on March 19, 2015, Evans moved to drop the official capacity claims against the defendants.  See Docket No. 19.  The following month, on April 21, 2015, Evans motion was granted.  See Docket No. 20.  Two days later, on April 23, 2015, Evans filed a Motion to Amend, which was granted the following week. See Docket Nos. 23, 27.  On April 27, 2015, the Clerk filed Evans' Amended Complaint against (1) retired MCI-Concord Superintendent Michael Thompson, (2) former Correctional Program Officer Kim Villare, (3) Central Inmate Disciplinary Unit ("CIDU") Director Kevin Anahory, (4) Deputy Superintendent of Classification Dale Bissonnette, (5) Disciplinary Officer Greg Poladian, (6) Disciplinary Hearing Officer Jonathan Toloczko, (7) Director of Security Keith Nano, (8) Inner Perimeter Security ("IPS") Officer Mark Smith, and (9) IPS Commander William Manduca (collectively referred to as "defendants"), alleging the violation of his constitutional rights.  See Docket No. 23.

The following month, on May 6, 2015, a return of service was filed indicating that the

---

[1]Evans brought this action on July 16, 2014, while he was in custody at MCI Concord. The Court's records indicate that he subsequently filed notices of change of address when he was transferred to the Souza Baranowski Correctional Center, see Docket No. 5, and MCI Norfolk. See Docket No. 49.

United States Marshals Service served defendant Anahory. See Docket No. 24. Similarly, on May 21, 2015, a return of service was filed indicating that the United States Marshals Service served defendant Tolozko. See Docket No. 27. At that time, the court allowed defendants Anahory, Bissonnette and Poladain's motions for extension of time to answer and to waive L.R. 7.1(A)(2). See Docket No. 28. The Electronic Order required defendants Anahory, Bissonnette and Poladain to answer by July 13, 2015. Id.

On June 11, 2015, Evans mailed a letter to the court seeking to add exhibits to his complaint and seeking the status of the form for consenting to jurisdiction of the Magistrate Judge. See Docket No. 29. The following day, on June 12, 2015, an Electronic Response was entered stating that "The Court is in receipt of the plaintiff's notification form regarding consent/refusal to consent to the jurisdiction of the Magistrate Judge. The defendants must also provide such a form once they are served and appear in the case. To date, only four defendants have been served and, therefore, the issue of consent/refusal to consent has not been decided." See Docket No. 30.

On June 26, 2015, Evan's filed a motion for default judgment as to defendants Thompson, Manduca, Smith, Nano, Tolozko and Villare stating that these defendants were served on April 1, 2015, by the United States Marshals Service. See Docket No. 31. Defendants filed a limited opposition to Evans' motion for default, stating, among other things, that defendants Manduca, Nano and Smith had never been served, and asserting that service had been accepted by a person who was not authorized to accept service. See Docket No. 32.

On July 13, 2015, the undersigned denied Evans' motion for default for the reasons stated in the defendants' limited opposition. See Docket No. 34. The time within which defendants

were to file a responsive pleading to the Amended Complaint was extended to July 17, 2015. Id.

The same day, defendants' counsel entered, without waiving all the requirements of proper service, a limited appearance on behalf of the unserved and/or defectively served defendants and moved to dismiss Evans' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Docket No. 35.

In response, Evans filed motions (1) to have U.S. Marshal re-serve defendants with Amended Complaint, (2) for Court to first rule on Evans' motion for re-service before considering defendants' motion to dismiss, (3) to voluntarily withdraw complaint and refile within 60 days, and (4) to expedite ruling on pending motions. See Docket Nos. 38, 40, 46, and 47. Evans filed an opposition to the motion to dismiss. See Docket No. 50. In response to Evans' motion to voluntarily withdraw his complaint, defendants filed an opposition seeking to have the court (1) take judicial notice of Evans v. Thompson, SUCV 2014-02701 (Suf. Sup. Ct. Sept. 1, 2015) and (2) grant the defendants' motion to dismiss. See Docket No. 46.

## DISCUSSION

### Motion to Withdraw Complaint

As an initial matter, the court will deny without prejudice Evans' motion to withdraw his complaint and refile. In his motion, Evans appears to condition his voluntary dismissal of this action on the court allowing him to refile his complaint "without the additional cost of [having to pay the $350 filing fee for filing the new action]." See Docket No. 46. Under Rule 41(a)(i) of the Federal Rules of Civil Procedure, an action may be dismissed by plaintiff without order of the court by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. However, the court is statutorily limited by the strictures of the *in forma*

*pauperis* statute, 28 U.S.C. § 1915, which requires a prisoner[2] "to pay the full amount of the filing fee," regardless of whether the case is dismissed or denied after filing. See 28 U.S.C. § 1915(b)(1). Thus, Evans would be required to make full payment of the filing fee for a new civil rights action and the court would be unable to waive the obligation to make payments towards the filing fee of any re-filed action.

## Motion to Re-Serve the Amended Complaint

As to service of process, a failure to effectuate service leads to a dismissal without prejudice. See Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 (1st Cir. 1986) ("case law is clear that a dismissal for improper service is without prejudice to refiling the case"). Rule 4(m) requires the court to dismiss the action without prejudice, unless Evans can show good cause for the failure or the court finds a discretionary extension of time to effect service to be otherwise appropriate. See Fed. R. Civ. P. 4(m); see also, e.g., Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). A "plaintiff proceeding IFP shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations under [28 U.S.C.] section 1915(d) and Rule 4(c)(3)" to effectuate service. Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008). A return of service "generally serves as prima facie evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008).

In the instant case, the record as to service is quite confused. According to the defendants, individuals accepted service who were not authorized to do so, and the Marshals Service has

---

[2]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the court directs the appropriate prison official to withdraw an initial partial payment from a prisoner plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2).

informed this court that it has some returns of service which are not reflected on the docket. Evans apparently thought that service had been effectuated on all the defendants as evidenced by his motion for default. Evans has acted diligently in trying to litigate this case. He has been in contact with the court and has filed letters seeking guidance from the court. In his most recent motion, he states that he has been placed in solitary confinement for the past seven months, although this may be disputed. Under such circumstances, service should be made anew.

The court recognizes that there are difficulties in serving former employees of the Department of Correction. To the extent defendants Thompson and Villare are no longer employed by the Department of Correction, the court will direct counsel to select one of two alternatives. First, counsel may submit to the court, ex parte and under seal, the forwarding addresses for the former employees. The court will then complete the service forms and provide those forms, along with copies of the complaint, directly to the U.S. Marshal. See, e.g., Rua v. Glodis, 2011 WL 5076319, at *2 (D. Mass. Oct.24, 2011); Combs v. Lehman, 2009 WL 497124, at *2 (W.D. Wash. Feb.24, 2009) (requiring Washington Department of Corrections to provide, under seal, addresses of retired prison employees for purposes of service by a U.S. Marshal). Alternatively, counsel for Thompson and Villare may (with their clients' permission) agree to accept service on their clients' behalf. See, e.g., Serrano v. Figueroa–Sancha, 878 F. Supp. 2d 301, 315 (D.P.R. 2012) (ordering representatives of police department to accept service of process or produce home addresses of defendant police officers). Thompson and Villare will be required to submit their forwarding addresses or have counsel agree to accept service within 21 days of the date of this order.

Accordingly, it is hereby ORDERED that:

(1)　　Plaintiff's motion (#46) to voluntarily withdraw his complaint and refile is denied without prejudice;

(2)　　Plaintiff's motion (#38) to have United States Marshal re-serve defendants with the Amended Complaint is allowed;

(3)　　Plaintiff's motion (#40) that Court not Rule on Motion to Dismiss Until Ruling on Plaintiff's motion to Re-Serve Defendants is allowed;

(4)　　Plaintiff's motion (#47) to expedite ruling on pending motions is denied as moot;

(5)　　The defendants motion (#35) to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied without prejudice;

(6)　　The Clerk shall issue re-issue summonses and the United States Marshals Service shall serve a copy of the summonses, amended complaint, and this order upon defendants;

(7)　　The defendants are required to file a response to the amended complaint after service is effectuated. See 42 U.S.C. § 1997e(g)(2); and

(8)　　Within 21 days of the date of this Memorandum and Order, counsel shall submit to the court, ex parte and under seal, the forwarding addresses for defendants Thompson and Villare, or alternatively, counsel for Thompson and Villare may (with their clients' permission) agree to accept service on their clients' behalf.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　/s/ Judith Gail Dein
　　　　　　　　　　　　　　　　　　　　　　Judith Gail Dein
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

DATED:   December 23, 2015