UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 14-13024-JCD |
| MICHAEL THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT

DEIN, U.S.M.J.

For the reasons set forth below, Plaintiff's motion for leave to file a second amended complaint is ALLOWED. The Clerk shall docket the proposed Second Amended Complaint as the operative pleading and Defendants shall respond in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

BACKGROUND

Plaintiff John Evans ("Evans") initiated this action on July 16, 2014, by filing a complaint against eight correctional officials and employees for alleged actions surrounding the issuance of a disciplinary report charging Evans with the introduction of a controlled substance and the resultant sanction of, and conditions in, solitary confinement after being found guilty during prison disciplinary proceedings. On February 10, 2016, an Answer was filed on behalf of all defendants except defendant Tolozko. See Docket No. 67.

The following month, on March 18, 2016, Evans filed a motion for leave to file a second amended complaint ("SAC"). See Docket No. 71. Evans argues that his motion should be granted because the proposed SAC: (1) clarifies that he was held in solitary confinement until

July 15, 2014, (2) drops six of the nine defendants from the action, and (3) includes a new allegation that defendant Thompson "failed to ensure that the MCI-Concord kitchen, staff follow and serve the standard food portin (sic) giving prisoners, resulting in Evans being injured in his health..." Id. at p. 2.  The proposed SAC amends the first amended complaint by dropping six defendants and, except for including new factual allegations regarding the amount of food provided to Evans and his severe weight loss while in solitary confinement, continuing the same claims pleaded in the first amended complaint against the three remaining defendants.  See Docket No. 71-1.  In conclusion, Evans explains that his proposed SAC "will supply additional facts relative to each Defendant(s) role in training and in promulgation and implementing the polices and procedures that Evans is subjected to so as to satisfy his pleading requirement."  See Docket No. 71 at p. 3.

Defendants filed a memorandum in opposition to Evans' motion.  See Docket No. 72.  Defendants oppose the motion to the extent that Evans seeks to add new claims that they contend do not arise from or relate to the claims in the amended complaint.  Id.  The defendants argue that under Rules 18(a) and 20(a)(2), the new claim regarding the amount of food and his weight loss while in solitary confinement should not be permitted.  However, for the reasons that follow, the Court finds the defendants' argument unpersuasive.

## LEGAL STANDARD

The decision whether to grant a motion for leave to amend falls within the trial court's discretion.  Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003).  The Federal Rules of Civil Procedure provide that leave to amend a complaint should be "freely give[n] * * * when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nevertheless, courts may deny leave to amend

where permitting the amendment: (1) would cause prejudice to the opposing party; (2) would result in undue delay in litigation; (3) would be futile; (4) is sought by plaintiffs in bad faith; or (5) the plaintiffs have filed numerous amended complaints. Foman v. Davis, 371 U.S. 178, 182 (1962).

Rule 18(a) of the Federal Rules of Civil Procedure governs the joinder of claims, and 20(a)(2) limits the joinder of defendants. Rule 18(a) provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20(a)(2) provides: "Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (A) and (B).

## DISCUSSION

Defendants have not demonstrated that the motion to amend was brought in bad faith, for dilatory purpose, would prejudice them, would be futile or cause unjust delay. Instead, they argue that one of the claims in the SAC relates to only one defendant and that Evans could bring the claim in a new lawsuit. Defendants' opposition references two unpublished opinions. See Jacobs v. Soars, No. 14-12536-LTS, 2014 WL 7330762 (D. Mass. Dec. 2, 2014 ); Spencer v. Bender, No. 08-11528-RGS, 2010 WL 1740957 (D. Mass. Apr. 28, 2010). However, Evans' SAC is distinguishable from the pleadings in Jacobs and Spencer. In Jacobs, a frequent pro se litigant sought to file against almost two dozen defendants a "proposed amended complaint [that] contains the kitchen sink of claims that appear to have little to do with each other." Jacobs, 2014

WL 7330762, at *8.

In <u>Spencer</u>, the Court found it improper to join defendants and claims of "being handcuffed too tightly after complaining of the lack of access to showers during a lockdown at MCI Concord, of harassment by different correction officers while he was under mental health watch at MCI Concord, and of the failure of a completely different set of defendants to pay Spencer adequately for preparing Halal meals at MCI Shirley." <u>Spencer</u>, 2010 WL 1740957, at *2.

The allegations in Evans' proposed SAC is in keeping with the scope and nature of his original and amended complaints.  Here, Evans does not seek to add new defendants nor bring a wide variety of claims unrelated to the allegations brought in his earlier pleadings.  Where, as one court has noted, "the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied." <u>Miss. Ass'n of Coops. v. Farmers Home Admin.</u>, 139 F.R.D. 542, 544 (D.D.C. 1991).  That is not the case here.  Evans, in his amended complaint, alleges that his placement in solitary confinement amounted to cruel and unusual punishment and caused plaintiff to suffer, including his mental health.  Here, Evans' alleged weight loss due to food portions arise out of the same occurrence; namely his placement in, and the conditions of, solitary confinement.  The greater detail provided by Evans in the SAC comports with the interests of justice.

CONCLUSION

Accordingly, in the interests of justice and efficiency, it is hereby ORDERED that Plaintiff's motion for leave to file second amended complaint (#71) is ALLOWED. The Clerk shall docket plaintiff's proposed Second Amended Complaint (#71-1) as the operative pleading in this litigation.  Defendants shall respond to the Second Amended Complaint in accordance with

Fed. R. Civ. P. 15 and all applicable local and federal rules.

    SO ORDERED.

                                                  / s / Judith Gail Dein
                                                  Judith Gail Dein
                                                  U.S. Magistrate Judge

DATED:  May 18, 2016